UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY ANN MEDINA,<br><br>            Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:18-cv-00986-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

      This matter is before the Court on the Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

      The Court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

      Plaintiff challenges the ALJ's decision on the ground that he failed to give sufficient weight to the opinion of Mr. Flores, a Physician Assistant, especially on the issue of Plaintiff's physical impairments.

      During oral argument, (although not in their papers), the parties agreed that the Commissioner's rules in place before March 27, 2017 apply to this case. Under the regulations in place at the time Plaintiff's claim was filed, a Physician's Assistant was not considered an acceptable medical source. *See* 20 C.F.R. § 404.1502 (defining acceptable medical source as

1

including "(8) Licensed Physician Assistant for impairments within his or her licensed scope of practice (*only with respect to claims filed (see § 404.614) on or after March 27, 2017*).") (emphasis added). Accordingly, this Court looks to whether the ALJ provided "germane" reasons for the weight given to Mr. Flores' opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Physician's assistants are defined as 'other sources,' § 404.1513(d), and are not entitled to the same deference, *see* § 404.1527; SSR 06–03p. The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.' *See Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001)). Wheelwright did not qualify as a medically acceptable treating source because she was a physician's assistant, *see* 20 C.F.R. § 404.1513(d).").

The ALJ provided the following reasons for the weight given to Mr. Flores' opinion:

> Finally, the undersigned notes that the treating psychiatrist in this case has not submitted an assessment of the claimant's mental work abilities. However, the undersigned has considered the opinion of Michael Flores, P.A., who completed a questionnaire about the claimant's impairment on February 22, 2016. He reported that the claimant could only walk two city blocks. She could sit, stand, or walk for 15 minutes at a time, but could do so no more than four hours cumulatively during an eight-hour day. She could only lift and carry 10 pounds and would have significant limitations reaching, handling, and fingering. This opinion is given reduced probative weight as it is largely inconsistent with the treatment records from the Family Healthcare Network clinic where Mr. Flores attended the claimant. Moreover, this assessment grossly underestimates the claimant's actual activity level as described in the record as a whole. There is no indication in the record that the claimant has difficulty standing, sitting or walking.

(A.R. 25).

The Court finds that the ALJ's reasons for the weight given to Mr. Flores' opinion were sufficiently germane. For example, the Court agrees that it is germane that Mr. Flores included substantial limitations to Plaintiff's ability to walk where the only physical impairment concerned Plaintiff's shoulders. (A.R. 21).

Accordingly, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

\\\

\\\

2

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 1, 2019**       /s/ Erin P. Grojan
                              UNITED STATES MAGISTRATE JUDGE